1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIO ANAYA RAMIREZ,                          No. C 10-197 SI (pr)

          Petitioner,                          **ORDER ON INITIAL REVIEW**

    v.

MATTHEW CATE,
Secretary of CDCR,

          Respondent.
_____/

**INTRODUCTION**

Julio Anaya Ramirez, an inmate at the North Fork Correctional Facility in Oklahoma serving a sentence from a California court, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.  His motion for appointment of counsel and in forma pauperis application also are before the court for review.

**BACKGROUND**

Ramirez states in his petition that he was convicted upon a guilty plea in the Santa Clara County Superior Court of second degree burglary.  A sentence enhancement allegation was found true.  On December 28, 2006, he was sentenced to a total of seven years in state prison. He states that he did not appeal his conviction, but did file unsuccessful habeas petitions in the state courts, including a petition in the California Supreme Court, in 2009.

1    Ramirez  then filed this action, seeking a writ of habeas corpus.  His petition has a proof

2  of service stating that it was mailed to the court on January 8, 2010.  The petition came to the

3  court in an envelope with a January 8, 2010 postmark and was stamped "filed" on January 11,

4  2010.

5

6                                              **DISCUSSION**

7    This court may entertain a petition for writ of habeas corpus "in behalf of a person in

8  custody pursuant to the judgment of a State court only on the ground that he is in custody in

9  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose

10  v. Hodges, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order

11  directing the respondent to show cause why the writ should not be granted, unless it appears

12  from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. §

13  2243.  Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District

14  Courts, a district court may also order the respondent to file another pleading where neither

15  summary dismissal nor service is appropriate.

16    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

17  law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ

18  of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital

19  state convictions or sentences must be filed within one year of the latest of the date on which:

20  (1) the judgment became final after the conclusion of direct review or the time passed for

21  seeking direct review; (2) an impediment to filing an application created by unconstitutional

22  state action was removed, if such action prevented petitioner from filing; (3) the constitutional

23  right asserted was recognized by the Supreme Court, if the right was newly recognized by the

24  Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate

25  of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C.

26  § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other

27  collateral review is pending is excluded from the one-year time limit.  See id. § 2244(d)(2).

28

1    The petition in this action was filed more than a year after petitioner's conviction became

2    final, and may be untimely under the AEDPA's one-year limitation period.  This apparent

3    procedural problem should be addressed before the court reaches the merits of the claims raised

4    in the petition.  If the petition is time-barred, the litigants and court need not expend resources

5    addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing

6    Section 2254 Cases In The United States District Courts,  respondent must either (1) move to

7    dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is

8    of the opinion that a motion to dismiss is unwarranted in this case.

9    Ramirez has moved for appointment of counsel.  A district court may appoint counsel to

10   represent a habeas petitioner whenever "the court determines that the interests of justice so

11   require and such person is financially unable to obtain representation." 18 U.S.C. §

12   3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court.

13   See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only

14   when the circumstances of a particular case indicate that appointed counsel is necessary to

15   prevent due process violations.  See id.  The interests of justice do not require appointment of

16   counsel in this action.  Ramirez states in his motion that he does not understand "proper

17   English," but also states that he has another inmate helping him who apparently is translating for

18   him.  The motion for appointment of counsel is DENIED.

19

20                                          **CONCLUSION**

21   Good cause appearing therefor,

22   1.    The clerk shall serve by certified mail a copy of this order and the petition upon

23   respondent and respondent's attorney, the Attorney General of the State of California.  The clerk

24   shall also serve a copy of this order on petitioner.

25   2.    Respondent must file with the court and serve upon petitioner, on or before

26   **June 25, 2010**, a motion to dismiss the petition or a notice that respondent is of the opinion that

27   a motion to dismiss is unwarranted.  If he files a motion to dismiss, respondent should address

28

3

1   the timeliness argument petitioner made at page 1 of the memorandum of points and authorities

2   attached to the petition.

3        3.    If petitioner wishes to oppose the motion to dismiss, he must do so by filing an

4   opposition with the court and serving it upon respondent on or before **August 6, 2010**.

5        4.    Respondent may file and serve a reply on or before **August 27, 2010**.

6        5.    The motion will be deemed submitted as of the date the reply brief is due.  No

7   hearing will be held on the motion.  If respondent notifies the court that a motion to dismiss is

8   unwarranted or the motion to dismiss is decided against respondent, the court will then

9   determine whether to require an answer to the petition.

10        6.    Petitioner's motion for appointment of counsel is DENIED.  (Docket # 2.)

11        7.    Petitioner's in forma pauperis application is DENIED because he has sufficient

12   funds to pay the filing fee. (Docket # 4, # 6.)  Petitioner must pay the $5.00 filing fee no later

13   than **June 4, 2010**.  Failure to pay the fee by the deadline may result in dismissal of this action.

14        IT IS SO ORDERED.

15   DATED: April 22, 2010

     SUSAN ILLSTON
16        United States District Judge

4