UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIO ANAYA RAMIREZ,            No. C 10-197 SI (pr)

    Petitioner,                 **ORDER OF DISMISSAL**

    v.

MATTHEW CATE,
Secretary of CDCR,

    Respondent.
                              /

### INTRODUCTION

      Julio Anaya Ramirez, a pro se prisoner, filed a petition for writ of habeas corpus challenging a 2006 burglary conviction. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

### BACKGROUND

      On December 28, 2006, Ramirez was sentenced in Santa Clara County Superior Court to seven years in state prison after he pled guilty to second degree burglary and admitted that he had suffered a prior conviction. The sentence was imposed after the superior court exercised its discretion and struck the prior serious felony conviction allegation, which allowed Ramirez to avoid a 25-to-life sentence under California's Three Strikes law. He did not appeal.

      Ramirez filed several state habeas petitions. His habeas petition in Santa Clara County Superior Court was filed on March 9, 2009, and denied on May 8, 2009. His habeas petition in the California Court of Appeal was filed on June 10, 2009, and denied on June 17, 2009. His

habeas petition in the California Supreme Court was filed on July 27, 2009, and denied on December 17, 2009.

Ramirez then filed this action, seeking a writ of habeas corpus. His petition has a proof of service stating that it was mailed to the court on January 8, 2010. The petition came to the court in an envelope with a January 8, 2010 postmark and was stamped "filed" on January 11, 2010. Because Ramirez is a prisoner proceeding pro se, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of this motion, the court will deem his petition filed on January 8, 2010.

**DISCUSSION**

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The first step is to determine when the limitations period began. The time for Ramirez to seek direct review concluded on February 26, 2007, and his conviction became final that day. See Cal. Rule of Court 8.308(a) (appeal from criminal judgment must be filed within sixty days after rendition of judgment or making of order being appealed) (formerly Cal. Rule of Court 30.1). Using the normal starting date for the limitations period – i.e., the date on which direct review concluded and the judgment became final – the presumptive deadline for Ramirez to file his federal petition was February 26, 2008.

Ramirez argues for a delayed start to the limitations period because a helpful case was

not decided until after his appeal time had expired. Specifically, on February 29, 2009, the California Supreme Court decided a retroactivity question in In re Gomez, 45 Cal.4th 650 (Cal. 2009). Gomez held that the rule from Cunningham v. California, 549 U.S. 270 (2007) applies on collateral review to California cases in which the judgment became final before Cunningham was decided but after Blakely v. Washington, 542 U.S. 296 (2004) was decided. Ramirez suggests that this warrants a delayed start of the limitations period for a newly discovered factual predicate or a newly recognized constitutional right.

The Gomez case does not warrant a delayed start under § 2244(d)(1)(D), which allows the limitations period to start on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Ramirez argues that he could not argue Blakely/Cunningham error to the state courts until the Gomez case was decided. However, a court decision is not a "factual predicate" under § 2244(d)(1)(D). A court decision would be a change in the law rather than a new fact. Although it may have been helpful legal authority for Ramirez's challenge to his sentence in state court, the Gomez case was not a fact necessary to the Cunningham claim he presents to the federal court. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (limitations period begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance'") (citation omitted).

The Gomez case also does not warrant a delayed start under § 2244(d)(1)(C), which allows the limitations period to start on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This section has no application to this case: although Ramirez stresses the importance of the Gomez decision by the California Supreme Court to his claim, the "Supreme Court" referred to in the subsection is the U.S. Supreme Court and not a state supreme court.

The normal starting date of the date on which direct review concluded and the judgment became final is the date on which Ramirez's one-year period started. The presumptive deadline

3

for Ramirez to file his federal petition was February 26, 2008.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Ramirez's first state habeas petition was not filed until more than two years after his conviction became final and more than a year after the limitations period had expired, and therefore has no tolling effect unless he is entitled to equitable tolling o the limitations period for enough of the gap between the date the conviction became final (on February 26, 2007) and the beginning of state habeas activity (in March 2009), as well as the 22 days after his state court activity ended.

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace). Ramirez urged in his petition that his delay was due to his limited English-language skills. Having limited English-language skills is not an extraordinary circumstance beyond the petitioner's control warranting equitable tolling. Cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient to meet standard of an objective, external factor amounting to "cause" for purposes of avoiding procedural bar on habeas claims); see also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of pro se petitioner and reliance upon allegedly incompetent jailhouse lawyers did not constitute "cause"); United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (pro se status, illiteracy, deafness and lack of legal training not external factors excusing abuse of the writ).

To summarize, the limitations period began on February 26, 2007; the state habeas petitions were not filed until after the limitations period expired and therefore had no tolling effect; and the limitations period is not equitably tolled. The deadline for Ramirez to file his

federal petition expired more than a year before he filed it.  His petition was untimely filed and is barred by the habeas statute of limitations.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 9.)  The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1).  The clerk will close the file.

IT IS SO ORDERED.

DATED: November 10, 2010

_____
SUSAN ILLSTON
United States District Judge